IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| THOMAS P. JASIN, | : | |
|     Plaintiff, | : | |
| | : | Civil Action No. 1:04-cv-2188 |
| v. | : | (Chief Judge Kane) |
| | : | |
| DENNIS KOZLOWSKI and MARK SWARTZ, | : | |
| | : | |
|     Defendants | : | |

**MEMORANDUM**

Pending before the Court are multiple orders filed by both Plaintiff and Defendants. This memorandum will address only Plaintiff's motion to strike and motion for judgment on the pleadings. For the reasons that follow, both motions will be denied.

**I. BACKGROUND**

In this instance, the relevant background is a procedural one. Plaintiff Thomas Jasin, acting *pro se*, filed claims in the Court of Common Pleas of Dauphin County against Defendants Tyco International, Dennis Kozlowski, Mark Swartz, and Juergen Gromer on September 2, 2004. (Doc. No. 1-9.) His complaint raises various state and federal claims arising from Defendants' misrepresentations as to the value of Tyco securities and the financial position of the company. (Doc. No. 1-9.)

On October 1, 2004, Defendants removed the case to federal court. (Doc. No. 1.) The case did not remain pending in this Court for long, however, as it was selected for transfer to the District of New Hampshire for consolidation with other similar cases, also known as multi-district litigation ("MDL"). (Doc. No. 9.) After undergoing discovery, a class action settlement was reached, but Plaintiff Jasin opted out of the settlement agreement. As a result, in 2009,

Plaintiff's case was transferred back to this Court for disposition of Plaintiff's individual claims against Defendants. (Doc. No. 13.)

On June 18, 2009, the Court ordered that a telephone conference be held to discuss the status of the case and to set new case management deadlines. (Doc. No. 82.) Upon suggestion of the parties, the Court referred the case to Magistrate Judge Smyser for settlement negotiations, and at one point, stayed the case. (Doc. Nos. 93, 140.) Settlements were reached between Defendants Tyco and Gromer and Plaintiff on December 23, 2009, but not between Defendants Swartz and Kozlowski and Plaintiff. (Doc. No. 142.)

On February 4, 2010, the Court held a telephone conference to set new deadlines and discuss the status of the case. (Doc. No. 147.) At that time, Defendants Kozlowski and Swartz became aware that no answer had been filed on their behalf with respect to this case. On February 11, 2010, and February 15, 2010, Defendants Kozlowski and Swartz, respectively, filed answers to the complaint. (Doc. Nos. 148, 149). Also on February 15, Plaintiff filed a motion for judgment on the pleadings.[1] (Doc. No. 150.) Three days later, Plaintiff filed a motion to strike Defendants' answers to the complaint. (Doc. No. 157.) Both of Plaintiff's motions are ripe before the Court for disposition. Also pending are cross motions for summary judgment. (Doc. Nos. 127, 154.)

**II.    DISCUSSION**

The gist of Plaintiff's motion for judgment on the pleadings is that he is entitled to

---

[1] Plaintiff's motion for judgment on the pleadings may also be interpreted as a motion for default judgment. The Court will liberally interpret Plaintiff's filings and consider Plaintiff's motion as one for judgment on the pleadings and, alternatively, as one seeking default judgment. See Montgomery v. Pinchak, 294 F.3d 492, 500 (3d Cir. 2002) (requiring liberal interpretation of *pro se* litigant filings).

judgment as a matter of law because Defendants failed to answer, and thus to deny, the allegations in the complaint. Since Defendants did both file answers to the complaint prior to Plaintiff's motion for judgment on the pleadings, the Court will first take up the question of whether Defendants' answers should be stricken. Thereafter, the Court will consider the merits of Plaintiffs' motion for judgment on the pleadings or for default judgment.

A.   Motion to Strike Defendants' Answers

Plaintiff asserts that Defendants' answers should be stricken because: Defendants have failed to comply with an October 5, 2004 Court Order; Plaintiff would be prejudiced by allowing Defendants to assert affirmative defenses at such a late date; and acceptance of the untimely filing would require additional discovery, resulting in judicial inefficiency. Defendants argue that their pleadings should be accepted as timely because service of process was never properly effected, and therefore Rule 12(a)'s time requirement for filing a responsive pleading was never triggered. Defendants also suggest that the consolidated answer filed in the context of the MDL on January 7, 2005, was all that was required of them. Plaintiff's acceptance of the MDL answer as Defendants' responsive pleading for over five years, Defendants argue, negates any objection Plaintiff now makes with respect to the timeliness of that answer.

Federal Rule of Civil Procedure 4(e) allows for service by any means permitted by the "state law . . . in the state where the district court is located." Fed. R. Civ. P. 4(e)(1). In turn, Pennsylvania Rules of Civil Procedure 403 and 404 provide that service may be made on persons outside the Commonwealth by "a form of mail requiring a receipt signed by the defendant or his authorized agent." Pa. R. Civ. P. 403, 404. According to Pennsylvania law, however, a person's attorney in one action does not become an agent authorized to accept service of process in

another suit unless permission is expressly granted. UK Lasalle, Inc., v. Lawless, 618 A.2d 447, 501 (Pa. Super. Ct. 1992) ("A lawyer has no authority to accept service of process on behalf of his client in a suit other than that for which he was employed.").

Plaintiff avers that he complied with Pennsylvania Rule of Civil Procedure 403, properly completing service on August 2, 2004. Specifically, he argues that Defendants' criminal attorneys stated that they would act as Defendants' agents for the purpose of accepting service and that they each signed a certified mail slip indicating receipt of the complaint. (Doc. No. 162 at 2, 6.) Yet, Plaintiff has not presented any evidence that Defendants' attorneys had express authority to accept service on Defendants' behalf and Defendants argue that their criminal attorneys were not authorized to receive service of process for this action. Absent information that Defendants had given their criminal attorneys express authority to accept service of Jasin's complaint, the record indicates that Defendants were not properly served.[2] Id. (placing burden on the plaintiff to demonstrate that the defendant authorized his former attorney to accept process). If Defendants Swartz and Kozlowski were not properly served, the twenty-day time limit set forth in Rule 12(a) was never triggered. Rule 12(a) only states that a defendant "must serve an answer . . . within twenty days *after being served with* the summons and complaint." Fed. R. Civ. P. 12(a) (2004) (emphasis added).[3]

---

[2]Though Defendants could have raised the defense of insufficiency of service of process at an earlier point in the proceedings, it is now deemed waived. McCurdy v. American Bd. of Plastic Surgery, 157 F.3d 191, 194-95 (3d Cir. 1998) (insufficiency of process defense waived if not timely raised as provided in Rule 12).

[3]The Federal Rules of Civil Procedure were amended in 2009 to permit twenty-one days from the date of service to file a responsive pleading, though at the time relevant to this action the rule allowed only twenty days. Fed. R. Civ. P. 12(a).

Indeed, it does not appear that Defendants failed to answer the complaint in bad faith or failed to comply with court orders. Plaintiff has not disputed Defendants' characterization that they were a party to the joint answer filed on January 7, 2005, in compliance with Judge Barbadoro's order in the MDL. Neither can Defendants be deemed to have thwarted this Court's orders. This Court's case procedure order directed Defendants to file their answers "as provided for in the Federal Rules of Civil Procedure." (Doc. No. 2.) As explained above, the Federal Rules of Civil Procedure do not require Defendants to answer within twenty days when they are not properly served. Importantly, Defendants did file answers shortly after being apprised that no answers had yet been docketed by them in this case.

Plaintiff also fails to articulate any allegation or defense in the recently-filed answers that was not already raised five years ago in the MDL answer, causing him prejudice or surprise. Though Plaintiff vaguely states that new discovery would be required in light of the new answers, he does not indicate how the new answers alerted him to new areas of investigation not already undertaken in the course of the MDL discovery.

Accordingly, the Court finds that it will exercise its discretion not to strike the answers because Defendants' neglect in filing answers on this docket was excusable in light of the improper service, the joint answer filed as part of the MDL, and the obfuscation of procedure created by the MDL transfer and remand.

### B.  Motion for Default Judgment

Having accepted Defendants' answers to the complaint, the Court now turns to Plaintiff's motion for default judgment. First, the Court notes that Defendants have been active in this litigation despite their neglect in filing answers with this Court. Defendants have participated in

telephone conferences, in discovery and in motions filed during the MDL, and in settlement conferences. Second, Defendants filed answers to the complaint on this docket within two weeks of being apprised that their answers had not yet been filed. Moreover, the motion must be denied because the Third Circuit Court of Appeals has instructed that three factors must be considered before entry of default judgment, and all those factors weigh in favor of Defendants.

The Third Circuit has stated that a district court should exercise its considerable discretion to enter default judgment only upon balancing the following three factors: "(1) prejudice to the plaintiff if default is denied, (2) whether the defendant appears to have a litigable defense, and (3) whether defendant's delay is due to culpable conduct." Chamberlain v. Giampapa, 210 F.3d 154, 164 (3d Cir. 2000). In this case, Plaintiff has not shown any actual prejudice to him that would result from continuing the litigation. The motions for summary judgment have already been briefed and filed, therefore it would not cost him additional time or money for the Court to rule on the merits of the parties' motions for summary judgment. Additionally, the Court has reviewed the parties' summary judgment briefs, and it appears that Defendants have a colorable defense to many, if not all, of Plaintiff's claims. Last, as stated in the preceding section, there is no evidence that Defendants' failure to file answers in this case is the result of bad faith. Defendants do not appear to have disregarded orders from this Court or the MDL. Rather, they filed answers shortly after being reminded they had not done so. It appears that Defendants may have initially sought to challenge service, but changed strategy when the case was referred to MDL. The Court finds that the failure to answer was, at most, the result of excusable neglect. Default judgment is not warranted in this case.

**C.     Motion for Judgment on the Pleadings**

Last, the Court turns to Plaintiff's claim that, in consideration of the pleadings, judgment should be entered in his favor. The Court denies this claim, as it was presupposed entirely on Defendants' failure to oppose Plaintiff's assertions of fact by answering the complaint. Since Defendants have now filed answers denying Plaintiff's allegations, the pleadings do not unequivocally demonstrate that Plaintiff is entitled to judgment as a matter of law. Plaintiff's motion for judgment on the pleadings will be denied.

An order consistent with this memorandum will follow.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| THOMAS P. JASIN, : | |
|     Plaintiff, : | |
| : | Civil Action No. 1:04-cv-2188 |
| v. : | (Chief Judge Kane) |
| : | |
| DENNIS KOZLOWSKI and MARK : | |
| SWARTZ, : | |
|     Defendants : | |

## ORDER

AND NOW, this 14th day of July 2010, upon consideration of Plaintiff's motion for judgment on the pleadings (Doc. No. 150) and motion to strike answer to complaint (Doc. No. 157), **IT IS HEREBY ORDERED** that the motions are **DENIED.**

    S/ Yvette Kane
    Yvette Kane, Chief Judge
    United States District Court
    Middle District of Pennsylvania