IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

THOMAS P. JASIN,  :
    Plaintiff  :
  : Civil Action No. 1:04-cv-2188
v.  : (Chief Judge Kane)
  :
DENNIS KOZLOWSKI and MARK  :
SWARTZ,  :
    Defendants  :

## MEMORANDUM ORDER

**THE BACKGROUND OF THIS ORDER IS AS FOLLOWS:**

Currently pending before the Court are Plaintiff Thomas Jasin's motion to quash a subpoena served on Tyco International by Defendant Dennis Kozlowski on January 24, 2011, and Defendant Kozlowski's cross-motion to compel Plaintiff to comply with an interrogatory served on Plaintiff on December 10, 2010. Both the subpoena and interrogatory are designed to discover the amount of Plaintiff's settlement with Defendant Kozlowski's former co-defendants Tyco, Tyco International, and Juergen Gromer.[1]

In support of his position that the evidence sought by the subpoena and interrogatory is relevant, Defendant Kozlowski relies on <u>Singer v. Olympia Brewing Co.</u>, 878 F.2d 596 (2d Cir. 1989), and <u>Gulfstream III Assocs., Inc. v. Gulfstream Aerospace Corp.</u>, 995 F.2d 425 (3d Cir. 1993), for the proposition that the "one satisfaction rule" limits his potential liability based on Plaintiff's settlement with Defendant Kozlowski's former co-defendants. (Doc. No. 176 at 6-7.)

---

[1] On December 23, 2009, after Plaintiff and Defendants Tyco, Tyco International, and Juergen Gromer informed the Court that they had entered a settlement agreement, the Court entered an order dismissing the settling Defendants with prejudice and barring the non-settling Defendants from seeking contribution from the settling Defendants pursuant to 15 U.S.C. § 78u-4(f)(7)(A). (Doc. No. 142.)

1

The parties do not, however, address the continuing viability of these cases in the wake of the United States Supreme Court's decision in McDermott, Inc. v. Amclyde, 511 U.S. 202 (1994), in which the Court unanimously rejected the "one satisfaction" rule. Nor do the parties address the relevance, if any, of the judgment reduction rules provided for in 15 U.S.C. § 78u-4(f)(7)(B). Nor does either party address whether Plaintiff has standing to file a motion to quash a subpoena served by Defendant Kozlowski on a non-party to this action.

**ACCORDINGLY**, on this 28th day of February 2011, **IT IS HEREBY ORDERED THAT** the parties **SHALL** within ten days of the date of this order submit a letter brief not to exceed ten pages in length addressing the following issues:

1. Whether the one satisfaction rule applies to the present action in light of the Supreme Court's decision in McDermott, Inc. v. Amclyde, 511 U.S. 202 (1994);

2. Whether 15 U.S.C. § 78u-4(f)(7)(B) would apply to limit any potential recovery against Defendant Kozlowski in this action; and

3. Whether Plaintiff has standing to file a motion to quash the subpoena served by Defendant Kozlowski on Tyco International.

S/ Yvette Kane
Yvette Kane, Chief Judge
United States District Court
Middle District of Pennsylvania